IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES A. HOPSON | § | |
| v. | § | CIVIL ACTION NO. 6:09cv506 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff James Hopson, proceeding *pro se*, filed this civil action under the Religious Land Use and Institutionalized Persons Act complaining of alleged violations of his right to religious freedom. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge conducted an evidentiary hearing, at which Hopson testified concerning his claims that adherents of Native American religion could not gather for services without a volunteer, even though TDCJ policy provides that in the absence of a volunteer, services may be overseen by a chaplain. He also complained of denial of access to "sacred land" and about the fact that he has been denied the right to have his own ceremonial pipe, even under the stipulation that it be stored in the chapel and not in his cell. Hopson sued the prison system, the former Director of the prison system (whom he asked to have dismissed), the warden, a grievance coordinator, and two prison chaplains.

After review of the pleadings and testimony, the Magistrate Judge issued a Report on July 6, 2010. In this Report, the Magistrate Judge recommended that Hopson be allowed to go forward with his complaints against Chaplain Pierce and Chaplain Lowry. The Magistrate Judge

1

recommended that TDCJ, former director Nathaniel Quarterman, Warden John Rupert, and grievance coordinator Pamela Kirkpatrick be dismissed from the lawsuit.

Hopson filed objections to the Magistrate Judge's Report on July 20, 2010. In his objections. Hopson complains first that the Magistrate Judge referred to his case as having been brought under 42 U.S.C. §1983, when in fact it was brought under the Religious Land Use and Institutionalized Persons Act. In fact, as Page One of the Report makes clear, the Magistrate Judge construed Hopson's pleadings as raising both constitutional claims and claims under RLUIPA. To the extent that Hopson wishes to abandon any claims he may have arising under the First Amendment, he should be allowed to do so.

Second, Hopson complains that the Magistrate Judge stated that claims against TDCJ, a state agency, are barred by sovereign immunity. He cites Mayfield v. TDCJ, 529 F.3d 599, 604 (5th Cir. 2008) in support of this contention.

In Mayfield, however, the Fifth Circuit held that sovereign immunity did not bar claims under RLUIPA against individual defendants in their official capacities, which is not the same as claims against the state agency itself. The plaintiff in Mayfield did not challenge the dismissal of the claims against TDCJ, and therefore waived any contention that those claims should survive dismissal. In the present case, Hopson has been allowed to proceed on his claims against the chaplains in their official capacities, and these claims provide a vehicle through which he may seek such declaratory and injunctive relief to which he believes himself entitled. *See* Jones v. Alfred, 353 Fed.Appx. 949, 2009 WL 4250636 (5th Cir., November 30, 2009).

In Jones, the Fifth Circuit stated that RLUIPA does not provide a cause of action for individual-capacity damages and that even assuming that RLUIPA provides a cause of action for official-capacity damages, such claims are barred by sovereign immunity. Because Hopson has

2

insisted that his claim is based solely on RLUIPA, damages are therefore unavailable, although he may proceed with his claims for declaratory and injunctive relief.[1]

Third, Hopson says that he is not raising a constitutional claim against Warden Rupert, but rather a "substantial burden" claim under RLUIPA. He says that the fact that Warden Rupert denied his grievance imposed a substantial burden upon his exercise of his religious faith. He argues that grievances are "contracts" and that by signing off on the grievance, Rupert thereby implicated himself in the substantial burden imposed upon Hopson's exercise of his faith.

This contention is without merit. No Supreme Court case or decision within the Fifth Circuit has held that inmate grievances are akin to "contracts," and as the Magistrate Judge explained, Hopson has no right to receive a favorable result on his grievances. Under Hopson's theory of the case, it was the actions of the chaplains, not the denial of his grievance by the warden, which imposed a substantial burden on his religious exercise. Hopson's objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is adopted as the opinion of the District Court. Because Hopson disclaims any intent to proceed under 42 U.S.C. §1983, but wishes to proceed solely under the Religious Land Use and

---

[1] In his complaint, Hopson seeks compensatory and punitive damages based on 42 U.S.C. 2000cc-2, the section of RLUIPA providing for "judicial relief." This section provides that a person may assert a violation of RLUIPA as a claim or defense in a judicial proceeding and obtain "appropriate relief against a government." In the present case, the only appropriate relief which may be sought under Fifth Circuit precedent is declaratory and injunctive, and Hopson can assert his claim for such relief "against a government" by proceeding against Chaplain Pierce and Chaplain Lowry in their official capacities, as the Magistrate Judge permitted him to do.

Institutionalized Persons Act, those portions of the Magistrate Judge's Report which address the relevant standards under Section 1983, while correct, will be disregarded. It is further

ORDERED that the Plaintiff's claims against Nathaniel Quarterman, John Rupert, Pamela Kirkpatrick, and TDCJ-CID are hereby DISMISSED with prejudice, and these individuals are hereby dismissed as parties to the lawsuit. The dismissal of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g), nor shall they have any effect upon Hopson's claims against Chaplain Pierce and Chaplain Lowry.

**So ORDERED and SIGNED this 14th day of September, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**