IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES A. HOPSON, Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 6:09-CV-506 |
| TDCJ-CID, ET AL., Defendants. | § § | |

### HOPSON'S MOTION FOR SUMMARY JUDGMENT

Under Rule 56, Fed. R. Civ. Proc. and Celotex Corp. v. Catrett, Hopson moves this Court to grant summary judgment in his favor because there are no issues in dispute as to any material fact and he is entitled to judgment as a matter of law with respect to the Defendants substantially burdening the free exercise of his religious exercise under 42 U.S.C. § 2000cc-1 RLUIPA. Hopson moves for summary judgment on all issues. The reasons therefore are set forth in Hopson's supporting affidavits, his statement of undisputed facts, judicial notice of indisputable material fact issues, and memorandum of law in support of this motion.

#### Prayer

Plaintiff Hopson prays that this Court grant this motion in its entirety, or in the alternative, grant any and all relief Hopson is due in resolving the substantial burden of his religious exercise.

Respectfully Submitted,

*/s/ James A. Hopson*
James A. Hopson, Plaintiff

754657 Michael Unit
2664 FM 2054
Tenn.Colony, Texas 75886

## Certificate of Service

I, James A. Hopson, do hereby certify that a true and correct copy of the above instrument has been served by placing same in the U.S. Mail, postage prepaid, on the 18TH day of May 2011, addressed to:

Ms. Carol Gardner
Assistant Attorney General
P.O.Box 12548, Capital Station
Austin, Texas 78711

*James A. Hopson*
James A. Hopson, Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES A. HOPSON, | § | |
| V. | § | CIVIL ACTION NO. 6:09-CV-506 |
| TDCJ, ET AL. | § | |

HOPSON'S STATEMENT OF UNDISPUTED FACTS

1. James A. Hopson was an offender housed on the Michael unit in the TDCJ at all times relevent to the assertions contained in his Complaint.

2. TDCJ-CID was the agency in charge at all times relevent to the assertions contained in Hopson's Complaint.

3. Billy Pierce was the Director of Chaplaincy in charge of of religious programming at all times relevent to the assertions contained in Hopson's Complaint.

4. Cynthia Lowry was the Michael Unit Chaplain in charge of religious programming and supervision at all times relevent to the assertions contained in Hopson's Complaint.

5. John Rupert was the Warden in charge of the Michael Unit at all times relevent to the assertions contained in Hopson's Complaint.

6. On July 14,2009, Hopson filed his Step 1 administrative grievance challenging the "substantial burden" of his religious exercise and it was denied by Warden Rupert (see Complaint).

7. On August 31, 2009, Hopson filed his Step 2 administrative appeal appealing the wardens denial of relief in his Step 1 and Billy Pierce denied relief (see Complaint).

8. TDCJ-CID prohibits possession of tobacco, prayer pipes, and the burning of herbs in cells, including N.A. in-cell worship.

9. The N.A.s do not possess a sacred text (see A.D.-9.03).

10. TDCJ-CID policies E.D.-7.29, A.D.-7.30, A.D.-7.35, A.D.-9.03 require unit chaplains and/or prison security to monitor, facilitate, and supervise all religious programs.

11. There is a dearth of contract Native American Chaplains and qualified Native American approved volunteers.

12. Contract Native American Chaplains and qualified Native American volunteers are not TDCJ-CID prison security for the purposes of quelling prison disturbances.

Under 28 U.S.C. § 1746, I verify under the penalty of perjury that the above information is true and correct.

Executed this 18th day of May, 2011.

*James A. Hopson*
James A. Hopson, Plaintiff
754657 Michael Unit
2664 FM 2054
Tenn.Colony, Texas 75886

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES A. HOPSON, | § | |
| V. | § | CIVIL ACTION NO. 6:09-CV-506 |
| TDCJ, ET AL. | § | |

**HOPSON'S REQUEST FOR COURT TO TAKE JUDICIAL NOTICE
OF HIS STATEMENTS OF INDISPUTABLE MATERIAL FACT ISSUES**

Under Rule 201, Fed.R.Evid., Hopson moves this Honorable Court to take judicial notice of the indisputable material fact issues asserted in this pleading in support of his summary judgment motion. The facts requested to be judicially noticed are as follows:

1. The Religious Land Use and Institutionalized Persons Act (RLUIPA) authorizes a claim against a government agency (TDCJ) and Its agents for the substantial burden of religious exercise. See 42 U.S.C. § 2000cc-2 (a).

2. The RLUIPA authorizes a claim against "state-run institutions-mental hospitals, prisons, and the like-in which the government exerts a degree of control unparalled in civilian society and severely disabling to private religious exercise." Cutter v. Wilkinson, 125 S.Ct. at 2121; § 2000cc-1 (a); § 1997.

3. "Every State, including Ohio, accepts federal funding for Its prisons." Cutter, at 2118, Brief for United States 28, n.16. Therefore, the grant recipient (TDCJ) is liable under RLUIPA.

1

See <u>Sossamon v. Texas</u>, 560 F.3d at 327.

4. The United States and Texas has recognized and approved the practice of Native American religious programs, activities, sacred land, and worship through statutes and Texas prison policies. See 42 U.S.C. § 1996 Protection and Preservation of Traditional Religions of Native Americans; TDCJ Administrative Directives 9.01, 9.02, 9.03, & 9.04 of the Chaplaincy Manual.

5. The TDCJ acknowledges the importance of group pipe ceremonies; "The practice of the prayer pipe and smudging in a circle group to include the use of ceremonial pipes [more than one pipe] and the burning and inhaling of smoke from tobacco, sage, sweet grass, cedar or kinnikinnic." See TDCJ Chaplaincy Manual 9.03 at "Discussion."

6. The TDCJ uses contract chaplains and qualified approved volunteers to "assist" in religious programs and activities. See TDCJ Rehabilitation Programs Division - Chaplaincy Program at www.tdcj.tx.us/prm&svcs-chaplaincy.htm.

7. Contract Native American Chaplains and qualified Native American approved Volunteers are not TDCJ prison security. They do not receive tactical training to quell prison disruptions nor do they possess: (1) pepper spray; (2) a panic button; (3) a two-way radio; (4) handcuffs; and (5) have access to a telephone to call for help if any disruptions arise within the unit.

8. The TDCJ prison policies require that: "All unit religious activities shall be under the direct or general supervision of the unit chaplain." TDCJ Policy A.D.-7.30 § IV.C.3.

9. "The pipe ceremony will be conducted at a rate no more than twice each month on Native American-designated unit/facilities. This is contingent upon availability of a qualified Native American chaplain, or a qualified Native American volunteer, or a qualified unit/facility chaplain. The pipe ceremony will be supervised and/or facilitated by one of these." TDCJ policy A.D.-9.03, #5; Affidavit of Director Robert Eason in support of Defendants summary judgment.

10. "Chaplaincy shall facilitate offenders in the exercise of religious freedom." TDCJ policy E.D.-7.29.

11. A fundamental element of Native American religious worship is the use of sacred land. See U.S. Dept. of Justice, "History and Theology" at p.17 ¶4 of Dr. George Tinker, Liff School of Theology herein (Memorandum of Law); TDCJ policy A.D.-9.03 of Chaplaincy Manual.

12. In-cell solo worship is not an alternative means of furthering any compelling interest because the burning of herbs, the smoking of tobacco, possession of prayer pipe, in-cell, is prohibited by prison policy. See also <u>Sossamon</u>, at 333. The Native Americans do not have a "sacred Text." TDCJ policy A.D.-9.03.

13. "Teachings are passed on in oral tradition by recognized elders who lead the ceremonies according to their personal religious experience." U.S. Dept. of Justice, "History and Theology," at p.16, 1. Introduction herein (Memorandum of Law).

14. Space and costs is not a compelling interest because there

3

is plenty of bare ground on the Michael unit and the unit employs two fulltime chaplains. Moreover, RLUIPA explains: "[T]his chapter may require a government to incur expenses in its own operations to avoid imposing a substantial burden on religious exercise." § 2000cc-3(c).

15. TDCJ prison policy allows the Native Americans to gather for group worship under the supervision of one of the unit's chaplains. See TDCJ policy A.D.-7.30 §. C.3; A.D.-9.03, #5; Affidavit of Director Robert Eason in support of Defendants summary judgment.

16. Sacred Land is considered "religious exercise" as defined by RLUIPA:

> "(B) Rule
>
> "The use, building, or conversion of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the proeprty for that purpose."

42 U.S.C. § 2000cc-5 (7)(B).

17. Diseases, viruses, and pathogens are contagious. Prisoners suffering from a disease,virus, or pathogen can contaminate the prayer pipe and threaten the health and welfare of the prison population, including our free society. One hundred prisoners should not share the same prayer pipe, especially those with tuberculosis.

18. Religious exercise often involves the performance of physical acts. See Cutter, at 2121; Employment Div., Dept. of

Human Resources v. Smith, 110 S.Ct. at 1595.

19. RLUIPA defines "religious exercise" as "any exercise of religion, whether ot not compelled by or central to, a system of religious beliefs." § 2000cc-5 (7)(A).

The above judicially noticed facts are within the territorial jurisdiction of this Court and each are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

### Prayer

In accordance with Rule 201 (b),(d), and (e), of the Fed.R.Evid., Hopson prays that this Honorable Court take judicial notice of the above facts in resolving his summary judgment evidence in his favor.

Respectfully Submitted,

James A. Hopson, Plaintiff
754657 Michael Unit
2664 FM 2054
Tenn.Colony, Texas 75886